IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

FILED
MAR 19 2013
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-19-GF-SEH<br>CV 12-13-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ELWYN FLOYD HAS THE EAGLE, JR., | |
| Defendant/Movant. | |

On February 15, 2012, Defendant/Movant Elwyn Has the Eagle, Jr. ("Has the Eagle"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. An amended motion was filed on May 29, 2012, and a second amended motion on August 29, 2012.

On November 6, 2012, the United States was ordered to file any and all plea offers it extended to defense counsel and to file transcripts of the proceedings at Has the Eagle's arraignments on the indictment and on the superseding indictment. It complied on November 27, 2012. Has the Eagle filed a reply on January 24, 2013.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion

1

and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. That review has been completed.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On December 17, 2008, Has the Eagle's car broke down. He went to and entered the home of Calvin Snell and Doreen Manzanares looking for a ride . He obtained a knife while in the home and repeatedly stabbed Snell and cut his throat as he lay in his bed. Manzanares, who was in the next room, offered him her car keys. Has the Eagle killed her also. He used her cane to write "fuck you" on the wall with her blood. He then left, taking the car. He was finally apprehended after leading law enforcement officers on a high-speed chase, barricading himself in his mother's

home, and attempting to cut his wrists.

On February 23, 2009, Has the Eagle was indicted on four counts of first-degree murder, all violations of 18 U.S.C. § 1111(a). Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Counts 1 and 2 charged he killed Calvin Snell and Doreen Manzanares with malice aforethought and premeditation. Counts 3 and 4 charged him with killing Mr. Snell and Ms. Manzanares in the perpetration of burglary and theft. Indictment (doc. 1) at 2-3. Chief Federal Defender Anthony R. Gallagher was appointed as defense counsel. Order (doc. 4).

On March 23, 2009, a Superseding Indictment was filed. Jurisdiction was again predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Counts 1 and 2 remained unchanged. Counts 3 and 4 deleted the reference to theft. A new charge, Count 5, alleged that Has the Eagle unlawfully entered and remained in an occupied structure with the purpose to commit theft, a violation of Mont. Code Ann. § 45-6-204 (2007). Superseding Indictment (doc. 19) at 2-4.

Jury trial commenced on October 27, 2009. After three days of testimony, the jury deliberated for a little less than two hours. Has the Eagle was convicted of the lesser included offense of second-degree murder on Count 1 and was found guilty as charged in Counts 2, 3, 4, and 5. Verdict (doc. 83) at 1-3.

A presentence report was prepared. On February 1, 2010, Has the Eagle was

sentenced to serve life in prison on Counts 1, 2, 3, and 4 and the statutory maximum of twenty years on Count 5. Minutes (doc. 90); Judgment (doc. 91) at 2-3; Mont. Code Ann. § 45-6-204(3) (2007).

Has the Eagle appealed with new counsel. He challenged the admission and exclusion of certain evidence and the sufficiency of the evidence to support his convictions. On March 22, 2011, the Court of Appeals affirmed the jury's verdict. *United States v. Has the Eagle*, No. 10-30028 (9th Cir. Mar. 22, 2011) (unpublished mem. disp.) (doc. 109).

The conviction became final on May 21, 2011. *Clay v. United States*, 537 U.S. 522, 525 (2003). He signed his amended § 2255 motion and deposited it in the prison mail system on May 18, 2012. Am. § 2255 Mot. (doc. 116) at 13; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule). It is timely. 28 U.S.C. § 2255(f)(1). The filing was timely.

### III. Has the Eagle's Claims

Has the Eagle alleges that counsel was ineffective because he failed to raise the following issues: (1) He contends, the jury instructions did not correctly define the burglary or theft predicate for felony murder. He asserts that the murder charge itself had to derive from state law because burglary and theft of a residence are not federally defined crimes. He also asserts that the jury instructions "omitted the

4

elements and the definition of felony (burglary of a residence) murder." Am. § 2255 Mot. (doc. 116) at 5, 6; (2) he claims that 18 U.S.C. § 1153 is not a "substantive penal statute" because it does not "define or punish the substantive crimes it lists." *Id.* at 6; (3) he alleges counsel did not advise him either (a) that he would face a mandatory life sentence if he proceeded to trial or (b) that he "could have pleaded guilty and faced a sentence of less than life based on Montana's state law definition and punishment of felony residential burglary murder." *Id.* at 8; (4) counsel did not advise him of the full extent of the prosecution's plea offer. *Id*; (5) finally, in his Second Amended Motion, he asserts that "substantive due process bars serious criminal punishment of a defendant who, because of mental disorder, lacked appreciation of the wrongfulness of his conduct." Second Am. § 2255 Mot. (doc. 117) at 4 ¶ 12A. He also alleges that counsel was ineffective for failing to raise these matters on appeal. Am. § 2255 Mot. at 9.

## IV. Analysis

The second amended motion, filed August 29, 2012, is likely time-barred. Nevertheless, the claims have been considered on the merits.

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Has the Eagle must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88.

5

Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Claims of ineffective assistance on appeal, likewise, are reviewed under the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285-86 & n.14 (2000).

### A. Role of State Law

Has the Eagle's first and second claims misstate the role of state law in his prosecution. State law applied only to the extent federal law incorporated it and no further. 18 U.S.C. § 1153(a) conferred jurisdiction on the federal court. 18 U.S.C. § 1153(b) provided that any offense identified by subsection (a) but not defined in federal law must be defined by state law. Murder is defined in federal law, *see* 18 U.S.C. § 1111(a). Burglary is not. The elements of burglary and its prescribed punishment, therefore, were borrowed from state law, Mont. Code Ann. § 45-6-204(1), (3). The elements of and punishment for murder nevertheless came from federal law. 18 U.S.C. § 1111(a), (b). The jury was instructed accordingly. Jury Instructions (doc. 80) at 19-42.

Since federal law defines felony murder, there are no circumstances under which Has the Eagle could have committed felony murder on the Fort Belknap Reservation and yet have been subject to Montana's prescribed punishment for felony murder. Whatever Has the Eagle meant by saying that 18 U.S.C. § 1153 is not a "substantive penal statute," Am. § 2255 Mot. at 5, "[t]he Major Crimes Act is most definitely a law of the United States, regardless of its use of state law for a limited purpose, and . . . this law creates federal offenses." *United States v. Male Juvenile*, 280 F.3d 1008, 1018 (9th Cir. 2002).

Has the Eagle's first and second claims show neither deficient performance nor prejudice. Both are denied.

### B. Life Sentence and Guilty Plea

The captions of both the Indictment (doc. 1) and the Superseding Indictment (doc. 19) advised Has the Eagle that he was subject to a mandatory sentence of life in prison if convicted as charged on Counts 1, 2, 3, or 4. United States Magistrate Judge Keith Strong again so advised him at his arraignment on the indictment, *see* Arraignment Tr. (doc. 122) at 6:9, 6:24-25, 7:11, 7:17, and again at his arraignment on the superseding indictment, *see* Second Arraignment Tr. (doc. 123) at 4:23. Defense counsel requested that the jury be instructed that Has the Eagle would be subjected to a mandatory sentence of life in prison if convicted of first-degree murder.

7

Mot. for Supp. Instr. (doc. 31) at 1-2. Has the Eagle's claim that counsel did not tell him he faced a mandatory term of life in prison is utterly lacking in credibility.

In addition, if Has the Eagle believes he could have pled guilty to felony murder as defined by the State of Montana, and those have been subject to a prison term of ten to 100 years or life instead of life, *compare* Mont. Code Ann. § 45-5-103(1)(b) and (2) *with* 18 U.S.C. § 1111(b), he is incorrect. Even if he pled guilty, he would have been sentenced to life in prison.

Has the Eagle has shown neither deficient performance nor prejudice. His third claim is denied.

### C. Plea Offer

He alleges that counsel did not advise him of the full extent of the prosecution's plea offer. Am. § 2255 Mot. at 8. The United States responded to this claim on November 27, 2012, stating that there were no plea offers. Resp. to Order (doc. 124) at 2. Has the Eagle's reply merely reiterates his claim that he was misinformed about his subjection to a life sentence. This claim is denied.

### D. Lack of Capacity to Appreciate Wrongfulness

The evidence at trial showed that Has the Eagle was able to appreciate the wrongfulness of his actions. *E.g.*, 3 Trial Tr. (doc. 101) at 280:22-281:5 (officer overheard Has the Eagle tell his sister "he was going to man-up to the charge and take

8

responsibility."); *id.* 370:11-16 (Has the Eagle told FBI agents he killed Ms. Manzanares "to eliminate [a] witness" and "he figured he was already in trouble" for killing Mr. Snell, "so he might as well go ahead and kill her, too."). An evaluation by a Bureau of Prisons forensic psychologist concluded that Has the Eagle demonstrated "a 100% likelihood of feigning a mental disorder." Forensic Evaluation Report (doc. 45) at 19 (under seal). The Court of Appeals held that this Court "reasonably concluded that Defendant's expert, a social worker without any medical training, could not testify reliably about Defendant's medications or the effects of those medications on Defendant." Mem. at 2, *Has the Eagle*, No. 10-30028 (doc. 109); *see also* Offer of Proof (doc. 73) at 2-7. He asserted at trial that he was too intoxicated to act with malice or premeditation or to intend to commit a felony. 4 Trial Tr. (doc. 102) at 584:4-593:22. The jury accepted his argument as to Count 1, convicting Has the Eagle of the lesser included offense of second-degree murder. Verdict (doc. 83) at 1-2. But it rejected his argument as to the other counts. *Id.* at 2-3.

There is no evidence that Has the Eagle lacked the ability to appreciate the wrongfulness of his actions. Consequently, there is no need to determine whether due process prohibits punishment of such a person. This claim is denied.

### E. Ineffective Assistance of Appellate Counsel

None of Has the Eagle's claims has merit. Appellate counsel was not ineffective for failing to raise them. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). This claim is denied.

## V. Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims meet even one prong of the *Strickland* test. There was no charging error. There was no prospect that he could have been sentenced for felony murder under Montana law rather than federal law. The United States made no plea offers. There was and is no evidence that Has the Eagle lacked the capacity to

appreciate the wrongfulness of his actions. He has not identified any respect in which counsel's performance was deficient or any resulting prejudice. Nor has he identified any viable claim that appellate counsel was ineffective.

There is no reason to encourage further proceedings. A COA is not warranted.

**ORDERED:**

1. Has the Eagle's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 112, 116, 117) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Has the Eagle files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-13-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Has the Eagle.

DATED this 19th day of March, 2013.

Sam E. Haddon
United States District Court