

**FILED**
APR 0 3 2013
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-19-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DISMISSING MOTION TO SUPPLEMENT |
| ELWYN FLOYD HAS THE EAGLE, JR., | |
| Defendant/Movant. | |

On February 15, 2012, Defendant/Movant Has the Eagle, Jr., moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He later filed an amended motion and a second amended motion. Additional information about one claim was submitted as ordered. On March 19, 2013, the motion was denied, as was a certificate of appealability. Order (doc. 130) at 11. On March 25, 2013, Has the Eagle filed a document denominated "Motion to Supplement Pursuant to Fed. R. Civ. P. 15(a)"[1]

---

[1] Motions to supplement are governed by Fed. R. Civ. P. 15(d), not (a). Has the Eagle's motion is not a Rule 15(d) motion to supplement because it does not "set[] out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." The claim depends upon what happened at trial in 2009, not upon anything that happened when the Court of

1

by which he sought to assert an additional claim that his Indian status was not proven at trial. Indian status was proven at trial by the intoduction, without objection, of Has the Eagle's tribal enrollment certificate. 3 Trial Tr. (doc. 101) at 363:10-24, Ex. 8; 4 Trial Tr. (doc. 102) at 577:2-3.

Judgment was entered on the § 2255 motion on March 20, 2013, five days before the motion to supplement was filed. *See* Judgment (doc. 1), *Has the Eagle v. United States*, No. CV 12-13-GF-SEH (D. Mont. judgment entered Mar. 20, 2013).[2] No petition was pending when the motion to supplement was filed. *Beaty v. Schriro*, 554 F.3d 780, 782-83 (9th Cir. 2009)(per curiam) controls. The Court has considered whether the motion to supplement or amend might be construed as a motion under Fed. R. Civ. P. 60(b), which allows a party to seek relief from final judgment, in light of *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). That rule, however, does not enable a litigant to circumvent stringent limitations upon second or successive applications for relief against a criminal judgment, *see* 28 U.S.C. §§ 2255(h),

---

Appeals issued its decision in *Zepeda*. Motions to amend are governed by Rule 15(a). At any rate, either motion is barred by the entry of judgment on the § 2255 motion before the motion was filed.

[2] In this Court, judgment is entered in the civil file that is opened for administrative purposes when a § 2255 motion is filed in a criminal case. The reason for entering judgment in the civil case is to make clear that the order disposing of the motion is final and the time to appeal is triggered. This purpose is not served well when the Clerk does not enter judgment until the next day.

2244(b)(2).

Here, Has the Eagle plainly attempts to advance a new claim for relief that he did not make in his original, amended, or second amended § 2255 motion or in his brief in response to an order. The § 2255 motion did not challenge his status as an Indian person within the meaning of 18 U.S.C. § 1153. *See* Am. § 2255 Mot. (doc. 116) at 5, 6. Even if construed as a Rule 60(b) motion, the new claim could not go forward in this Court. *Beaty* is clear in its application here. A COA is not warranted.

**ORDERED:**

1. Has the Eagle's "Motion to Supplement" (doc. 131) is DISMISSED as barred by the Order of March 19, 2013, and civil judgment of March 20, 2013.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Has the Eagle files a Notice of Appeal.

DATED this 2nd day of April, 2013.

/Sam E. Haddon
United States District Court